UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

Present: The Honorable   James V. Selna

| Julie Barrera | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order on Defendant's Motion for Summary Judgment

Defendants Cavalry Portfolio Services, LLC and Winn Law Group, APC (collectively, "Defendants") move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Eric Williams ("Plaintiff") opposes.[1]

I.   Background

In 2004, Defendant Winn Law Group, APC, on behalf of its client, Cavalry Portfolio Services, filed a debt collection lawsuit against Plaintiff in the Orange County Superior Court.  Plaintiff failed to respond to the complaint and the Orange County Superior Court entered default judgment against him for $5,824.86.  Plaintiff never moved to set aside the default judgment.

In March 2010, Plaintiff filed this action, alleging that by filing the state court action and never properly serving the complaint, Defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA").  Plaintiff also alleged an invasion of privacy.

---

[1] The Court notes that Plaintiff filed his opposition late.  Plaintiff confused the notice requirements for summary judgment motions with the notice requirements for other motions.  Pursuant to Federal Rule of Civil Procedure 56(c) and the Local Rules, oppositions to motions for summary judgment must be filed 28 days before the hearing date.  Oppositions for other motions are due 21 days before the hearing date.  L.R. 7-11.  Because Plaintiff did file his opposition in accordance with Local Rule 7-11, the Court still considers his opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

On March 26, 2010, Defendants filed a motion for summary judgment. This Court granted summary judgment on the invasion of privacy claim, but denied summary judgment on Plaintiff's FDCPA and RFDCPA claims. Defendants subsequently filed this renewed motion for summary judgment.

II.     Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-34 (1986). Summary adjudication, or partial summary judgment "upon all or any party of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. A fact issue is genuine "if the evidence such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1124, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

The burden initially is on the moving party to demonstrate an absence of a genuine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

III.     Discussion

    Defendants argue that Plaintiff's FDCPA and RFDCPA claims are barred by the Rooker-Feldman doctrine because the adjudication of those claims by this Court would undermine the state court judgment and serve as a de facto appeal. (Mot. Br. 6.)

    Under the Rooker-Feldman doctrine, federal district courts lack the jurisdiction to review final state court judgments. Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-83 (2005)). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Id. (quoting Exxon Mobil, 544 U.S. at 284).

    Rooker-Feldman applies even if a party does not directly challenge the merits of a state court decision; the doctrine also "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal citations and quotation marks omitted). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." Id. at 1158.

    Plaintiff alleges violations of § 1692(e)(5), § 1692(e)(2)(A), § 1692(e)(8) and § 1692(f) of the FDCPA. (Compl. ¶ 5(a), (c)-(g).) Section 1692(e)(5) provides that it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

unlawful for a debt collector to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692(e)(5). Section 1692(e)(2)(A) provides that it is unlawful for a debt collector to make false representations of "the character, amount or legal status of any debt." Id. § 1692(e)(2)(A). Section 1692(e)(8) provides that it is unlawful for a debt collector to either communicate or threaten to communicate to any person "credit information which is know or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Id. § 1692(e)(8). Section 1692(f) provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. Id. § 1692(f).

Plaintiff argues that because claims under the FDCPA constitute independent causes of action, Rooker-Feldman does not apply. (Opp'n Br. 2.) Plaintiff's argument is misplaced. In his complaint, Plaintiff alleges Defendants violated various provisions of the FDCPA by "seeking a judgment against Plaintiff through a lawsuit which she had never been served with," and by "attempting to collect a debt from Plaintiff that was not his, despite proof that his identity had been stolen." (Compl. ¶ 5(a)-(g).) Given the pleadings, proof that Defendants violated the FDCPA hinges on two issues: (1) whether Plaintiff is liable for the debt and (2) whether Plaintiff was properly served in state court. By way of default judgment, the state court found that Plaintiff was properly served and that he is liable for the debt. (See RJN, Ex. A.) For this Court to exercise jurisdiction over these claims would be to review and undermine the state-court judgment. Plaintiff is essentially the losing party in state court who seeks relief from the default judgment. Such relief is precluded by Rooker-Feldman. See Noel, 341 F.3d at 1163; Exxon Mobil, 544 U.S. at 284.

In addition to the FDCPA claims, Plaintiff also alleges that Defendants violated Section 1788 of the RFDCPA by "[c]ollecting a consumer debt from Plaintiff by means of judicial proceedings, where the debt collector knew that service of process, which was essential to jurisdiction over Plaintiff or his property, had not been legally effected." (Compl. ¶ 5(b).)[2] This claim is also barred by Rooker-Feldman. Again, by entering a default judgment, the state court made a finding that Plaintiff was properly served.

---

[2] Plaintiff invokes Section 1788.14(a) of the California Civil Code in his allegation that Defendants collected a debt from Plaintiff through a judicial proceeding in which Plaintiff was never served. (Compl. ¶ 5(b).) Section 1788.14(a) is the incorrect section. Given the allegations, the Court notes and assumes that Plaintiff is actually invoking Section 1788.15(a) of the California Civil Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

Allowing Plaintiff's RFDCPA claim to be heard in this Court would violate Rooker-Feldman.

      Moreover, Plaintiff asserts that a default judgment is not equivalent to an adjudication on the merits and therefore the Rooker-Feldman doctrine does not apply. (Opp'n Br. 5-6.) Plaintiff states that there is "no case law where a default judgment . . . constitutes final adjudication on the merits for purposes of Rooker-Feldman. (Id. at 8.) This is a misstatement of the law. A default judgment is equivalent to an adjudication on the merits and absent extrinsic fraud, it is not grounds to preclude the application of the Rooker-Feldman doctrine. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 860 (9th Cir. 2008); see also Stark v. Stark, No. 1:07-cv-01366 OWW, 2009 WL 3162250, at *4 (E.D. Cal. Sept. 29, 2009); Sorensen v. Clarke, No. EDCV 08-1142-CAS, 2008 WL 4838489, at *3 (C.D. Cal. Oct. 27, 2008).

      This case is similar to Bryant v. Gordon & Wong Law Group, P.C., a case where the Eastern District of California held that Rooker-Feldman precluded a claim that the defendant violated the FDCPA by pursuing a debt-collection action in state court without proper service. 681 F. Supp. 2d 1205, 1208 (E.D. Cal. 2010). In Bryant, the plaintiff never moved to set aside the default judgment entered against him in state court, but alleged FDCPA claims in federal court. Id. at 1206. The court held that the "Plaintiff is inherently challenging the entry of default against him . . . . The Rooker-Feldman doctrine specifically bars this Court from doing so." Id. at 1208. Here, exactly like the plaintiff in Bryant, Plaintiff is seeking relief from a default judgment under the cloak of the FDCPA. This is barred by Rooker-Feldman.

      Rooker-Feldman does not, however, preclude all FDCPA claims premised on the act of pursuing a debt-collection lawsuit. In Reyes v. Kenosian & Miele, LLP, the defendants brought an action to collect a debt against the plaintiff in state court, but the plaintiff was found not liable for the debt. 619 F. Supp. 2d 796, 799 (C.D. Cal. 2008). Subsequently, the plaintiff filed an action in federal district court, alleging that the defendants violated the FDCPA by filing the debt-collection suit. Id. Defendants moved for summary judgment on the grounds that filing a debt-collection lawsuit in state court cannot constitute a violation of the FDCPA. Id. The district court rejected the argument and held that bringing an action in state court to collect a debt may, in and of itself, violate the FDCPA. Id. at 804.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

     This case is distinguishable from Reyes. In that case, the plaintiff was not liable for the debt. Thus, he was not the losing party in state court when he subsequently brought FDCPA claims against the defendant in federal court. A finding in his favor would not serve as a de facto appeal or undermine the state-court judgment. In contrast, Plaintiff, by way of default judgment, is a losing party in state court. If Plaintiff were to prevail on his FDCPA claims, he must prove that he is not liable for the debt. Such a finding would undermine the state court default judgment. Thus, Plaintiff's claims are barred by Rooker-Feldman.

     Although this case is distinct from Reyes, a plaintiff may successfully assert FDCPA claims even if found liable for a debt. In Lange v. CIR Law Offices, the Southern District of California held that the plaintiff's FDCPA claims were not precluded by the Rooker-Feldman doctrine even though the state court entered default judgment against the plaintiff. Civil No. 09cv1485-CAB, 2010 WL 2524089, at *2 n.1 (S.D. Cal. June 22, 2010). Because the claim was that the defendants violated the FDCPA by employing improper collection methods rather than filing a debt-collection lawsuit, the court held that adjudication on the merits would not undermine the underlying state court default judgment. Id.

     While the facts of this case are similar to those in Lange, Rooker-Feldman applies here because the viability of Plaintiff's FDCPA claims depends on establishing whether Plaintiff is liable for the debt. This issue has already been resolved by default judgment. In contrast, the FDCPA claims in Lange were not premised on whether the plaintiff was liable for the debt, but rather on the independent issue of whether the defendants' debt collection methods were unlawful. Id. at *1.

     Finally, at oral argument, Plaintiff directed the Court's attention to a recent case where the District Court for the Eastern District of Pennsylvania held that the Rooker-Feldman doctrine did not preclude the plaintiff's FDCPA claims. See Rivera v. Ragan & Ragan, P.C., 2010 WL 2635790, at *4 (E.D. Pa. June 25, 2010). Plaintiff argued that the court in Rivera essentially held that Rooker-Feldman does not bar FDCPA claims because they constitute independent dent causes of action. Plaintiff misreads the holding in Rivera and his attempt to analogize it to this case fails. The court in Rivera stated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00255 JVS(ANx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Eric Williams v. Cavalry Portfolios Services, LLC, et al. | | |

> [Plaintiff] does not challenge the judgment against him in state court, but rather, only claims that [Defendant's] <u>collection</u> <u>practices</u> <u>violated</u> <u>sections</u> <u>of</u> <u>the</u> <u>FDCPA</u>. Thus, [Plaintiff's] claims in the instant Complaint are independent of the state judgment that was rendered against him, and the <u>Rooker-Feldman</u> doctrine does not preclude subject matter jurisdiction.

<u>Id.</u> at *4 (emphasis added). <u>Rivera</u> is no different from the other cases that are distinguishable from this case. Like <u>Lange</u>, the plaintiff in <u>Rivera</u> challenged the method in which the defendants attempted to collect the debt, not the act of filing the debt-collection action. Undoubtedly, such claims are immune from <u>Rooker-Feldman</u>. Here, Plaintiff has not pled such a claim; instead, he claims that Defendants violated the FDCPA and RFDCPA by suing to collect a debt. Plaintiff's claims are unlike those in <u>Rivera</u>, and are therefore barred by <u>Rooker-Feldman</u>.

So while the FDCPA and RFDCPA may provide independent causes of action, the manner in which Plaintiff has pled these claims precludes this Court from exercising jurisdiction.

III.  <u>Conclusion</u>

Accordingly, the Court GRANTS the motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt/jb | | |